**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TERRANCE PROCTOR                                                                                              PLAINTIFF
ADC #87410

V.                                         NO: 5:10CV00317 JMM/HDY

RAY HOBBS *et al.*                                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the

>    hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on November 2, 2010, making various claims in connection with his allegation that funds in his inmate account were frozen or taken. On February 2, 2011, Defendants filed a motion to dismiss the complaint as frivolous, along with a brief in support (docket entries #39 & #40). Plaintiff filed a response in opposition, along with a brief in support, on February 25, 2011 (docket entries #48 & & #49).

According to Plaintiff's complaint, in June of 2009, he decided to retain the services of an attorney to assist him in a lawsuit. Plaintiff attempted to mail a letter to an attorney, but the letter was intercepted. Plaintiff also used a phone to request that an acquaintance send him money to pay the attorney. However, when the money was deposited in Plaintiff's account, ADC officials froze the account, citing their belief that the money had been acquired through illicit means. Despite the

freeze on the account, prison officials continued to deduct partial filing fees pursuant to Court orders. According to Plaintiff, the freeze on the account was especially troublesome, because he had accumulated three "strikes," and was required to pay filing fees to appeal lawsuits which had been dismissed. Plaintiff alleges nine separate claims: conspiracy, denial of Court access, due process denial, libel and slander, retaliation, theft of property, theft by receiving, mail and wire fraud, and deliberate indifference.

Defendants assert that Plaintiff's action is barred by the doctrines of *res judicata* and collateral estoppel, that Plaintiff has no due process claim because he has an adequate post-deprivation remedy, that he is not entitled to monetary damages because he suffered no physical injury, and that they are entitled to sovereign and qualified immunity.

Although it is true that Plaintiff has in the Arkansas Claims Commission an adequate post-deprivation remedy for any alleged theft, and he apparently pursued his claims before the Commission, is clear that the central issue in his complaint is that Defendants conspired to deny him access to the Courts by freezing his inmate account, which, he alleges, had the effect of preventing him from pursuing his claims. To prevail on a Court access claim, Plaintiff must demonstrate an injury. *Lewis v. Casey*, 518 U.S. 343, 350-353 (1996). Although Plaintiff referenced four cases in his response to Defendants' motion, there is no indication that lack of finances prevented Plaintiff from pursuing any of them. Plaintiff was granted *in forma pauperis* status in *Proctor v. Spears et al*, ED/AR No. 5:09CV84, but the case was dismissed on August 7, 2009, and Plaintiff never attempted to appeal. In *Proctor v. White et al.*, ED/AR No. 5:09CV172, Plaintiff was granted *in forma pauperis* status by both the District Court and the Appellate Court. Plaintiff voluntarily dismissed his claims in *Proctor v. White et al.*, ED/AR No. 5:09CV181. Finally, Plaintiff was

granted leave to proceed *in forma pauperis* in *Proctor v. Kelley et al.*, ED/AR No. 5:08CV247. Although that case was dismissed, the record indicates that Plaintiff paid the appellate filing fee, and his appeal was considered by the Court of Appeals. Thus, although Plaintiff makes an allegation that he was denied access to the Courts, the Court cannot ignore the actual records of the cases Plaintiff has cited.[1] Accordingly, Defendants' motion should be granted with respect to Plaintiff's access to the Courts claims.

Plaintiff's other claims should also be dismissed. The Arkansas Claims Commission provides an adequate post-deprivation remedy for any theft committed by Defendants, so Plaintiff has no due process or theft claim. *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy). Plaintiff's libel and slander claims should be dismissed because defamation does not constitute a cause of action under section 1983. *Clark v. Solem*, 628 F.2d 1120, 1121 (8th Cir. 1980). Plaintiff's mail and wire fraud claims are in essence criminal matters that Plaintiff may address with the appropriate prosecuting authority, but are not proper for resolution in a civil rights lawsuit. Finally, Plaintiff has alleged no facts to suggest any deliberate indifference or retaliation that is not subsumed in the Court access denial claim he has raised in his complaint.

Because Defendants' motion should be granted with respect to Plaintiff's federal constitutional claims, the Court should decline to exercise supplemental jurisdiction over his state law defamation claims. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress

---

[1] A Court may take judicial notice of public records and may consider them on a motion to dismiss. *Stahl v. U.S. Dept. Of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003)(internal citation omitted).

unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #39) be GRANTED.

2. Plaintiff's state law defamation claims be DISMISSED WITHOUT PREJUDICE.

3. All of Plaintiff's other claims be DISMISSED WITH PREJUDICE.

4. All pending motions be DENIED AS MOOT.

DATED this   31   day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE